IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40263
Summary Calendar
_____

CALVIN JENNINGS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION;
McCLURE, Assistant Warden;
BARKSDALE; HAROLD, Captain;
HENDERSON, Director of Classification

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-99-CV-450)
--------------------
July 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Calvin Jennings, a former Texas state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. He seeks relief from the district court's holding that he failed to exhaust his administrative remedies. Jennings argues that, because he had filed grievances regarding his work assignments, the district court erred in dismissing his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint. Jennings admitted in his response to the district court's interrogatories, however, that he had not filed a Step 1 or a Step 2 grievance regarding his job assignments.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Texas has a two-step administrative grievance procedure for state inmates. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 involves decision makers at the institutional level, while Step 2 permits the prisoner to appeal the Step 1 decision to the Institutional Division of the Texas Department of Criminal Justice. See id. As a prerequisite to filing suit, a prisoner must complete both steps of the grievance procedure. See id. at 891-92.

Exhaustion is required "regardless of the relief offered through administrative procedures." Booth v. Churner, 121 S. Ct. 1819, 1825 (2001).

Jennings did not exhaust available administrative remedies before filing suit. Accordingly, the district court's dismissal of his complaint is
AFFIRMED.

2